## Levis Brothers vs. Whetstone & Co. et al.

Clinton, J. Where a creditor, whose claim is less than $2000. sues to set aside a sale of his debtor's property, on the ground that the sale was simulated and fraudulent, the Circuit Court has jurisdiction, although the value of the property exceeds two thousand dollars; the liability of the property to be subjected to the payment of the debt sued on is the only " matter in dispute," and the only question in which plaintiff has any interest; he cannot sue for the benefit of other creditors. 33 An.

2. Where evidence has been taken by a notary after the return day of the commission, it will be excluded, and the case will not be remanded to retake the evidence which was excluded on the trial by the District Judge; plaintiff should have taken a rule to show cause before the trial, or applied for a continuance, when the evidence was ruled out. 12 An. 177.

3. Although the petition alleges that the sale was a pure simulation, and the prayer of the petition asks that it be declared a fiction and sham, yet. if the evidence, admitted without objection, shows all the requisites for the maintenance of a revocatory action, the Court will treat the suit as such and grant relief accordingly.

4. Four things are necessary to enable plaintiff to recover in a revocatory action, viz: A debt due at the time of the sale, insolvency of the debtor, knowledge of such insolvency on the part of the vendee, and the absence of any other property out of which plaintiff could make his debt; where these facts are proved, the sale is conclusively presumed fraudulent, notwithstanding a sound price was paid, and both parties swear they acted in good faith. 34 An. 994.

5. If the sale of the property renders the debtor insolvent, it is as fraudulent as if the debtor had been insolvent before the sale.

6. Although the vendee swears to a want of knowledge of the debtor's insolvency. and there is no positive evidence to the contrary. yet if the public records showed that insolvency, and it was notorious in the community, and a knowledge of it was easily obtainable by a person of ordinary intelligence, the vendee will not be relieved on account of inexcusable ignorance; she ought to have known of the insolvency, whether she did or not.

7. As a general rule, Appellate Courts have great respect for the verdicts of juries on questions of fraud; but the reason for

this time-honored rule does not obtain when the verdict has been rendered by a divided jury, nine one way and three another.

8. Where the amount of debts is shown, it will not rebut the presumption of insolvency for defendant to swear that she had sufficient personal property to pay her debts; she must "point out" specific property with sufficient certainty to locate and identify it.